UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
)
REPURCHASE CORPORATION, ) CASE NO. 04 B 32933
) Chapter 11
Debtor )

## MEMORANDUM OPINION ON DEBTOR'S OBJECTION TO CLAIM FILED BY MJK TRUSTEE

Repurchase Corp. filed as a debtor in possession in this Chapter 11 bankruptcy case ("Debtor"). The Trustee for the bankruptcy estate of MJK Clearing, Inc. ("MJK"), James P. Stephensen, filed a proof of claim against the Debtor's bankruptcy estate based on $3,000,000.00 worth of tax credits the Debtor was obligated to transfer to MJK under terms of a Judgment issued by a Judge of the United States Bankruptcy Court for the District of Minnesota. Debtor filed an objection to the claim, to which MJK replied.

During oral argument thereon it was asked from the bench *sua sponte* whether abstention would be proper. Following further argument and finding no factual dispute relevant to the question of abstention, it was announced from the bench on April 29, 2005, that an order of abstention would be entered for reasons to be expanded on through an opinion. Subsequently, this case was dismissed for unrelated reasons. A motion to vacate the dismissal was filed. Even if the case remains dismissed, a refiling seems likely and this issue may arise again. Therefore, the reasons for the announced abstention should be spread of record.

1

## UNDISPUTED FACTS

1.  MJK filed a voluntary petition for bankruptcy relief under Chapter 7 of title 11 U.S.C. on September 27, 2001 in the District of Minnesota (01-bk-40000, 01-ap-4257).[1]  MJK's Trustee filed an adversary proceeding against Debtor in the Minnesota Bankruptcy Court.

2.  A Judgment was issued against Debtor in the adversary proceeding. Under terms of the Judgment, Debtor was obligated to take any action necessary to cause the transfer of $3,000,000.00 in tax credits to MJK: "[Defendant] Repurchase Corp. . . . shall transfer to the plaintiff $3,000,000.00 worth of tax credits pursuant to the letter agreement signed on July 12, 2000" ("Judgment"). The Judgment was registered with the District Court for the Northern District of Illinois in October 2004.

3.  On September 3, 2004, Debtor filed the above-entitled voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On November 19, 2004, MJK filed a motion seeking relief from the automatic stay in order to enforce the Judgment in Minnesota and conduct discovery associated with the related tax credits. Orders were entered herein on November 30, 2004 and December 9, 2004 granting relief from the automatic stay to the extent that the motion sought discovery.

4.  On December 30, 2004, MJK filed a timely proof of claim against Debtor's estate based on the Judgment. The only relief sought in the claim is for enforcement of the Judgment; that is, claimant seeks an order to enforce the transfer to claimant of the tax credits referred to.

---

[1] The Court, *sua sponte*, takes judicial notice of MJK's bankruptcy filing in the District of Minnesota and all relevant associated relevant judicial actions. See Fed. R. Evid. 201(b) & (c); Bankr. Evid. Manual, §§ 201.5, 201.6 (West 2004). The Court's purpose in taking judicial notice of these records is to establish the existence of the case and related filings. See generally, Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir.1991).

5.   On February 12, 2005, an order was entered herein modifying the automatic stay for the purpose of allowing MJK to enforce its judgment against Debtor and, if necessary, seek contempt orders or monetary sanctions in the Minnesota Bankruptcy Court, the United States District Court for the District of Minnesota, the United States District Court in the Northern District of Illinois and the United States Court of Appeals for the Eighth Circuit. MJK was specifically stayed from seeking recovery of any resulting damages or monetary sanctions without further order from the Court.

6.   On February 28, 2005, Debtor filed an objection to MJK's proof of claim based on its assertion that it has already satisfied terms of the Judgment. MJK filed a reply wherein it argues that Debtor has not complied with terms of the Judgment. In addition, MJK admits that it "is not seeking payment of a 'claim' against Debtor that can be 'paid' out of property of the estate."

7.   MJK has not returned to the Minnesota Bankruptcy Judge or any other courts involved in the Judgment to compel Debtor's compliance with the Judgment. It seeks to have this Chicago Bankruptcy Judge adjudicate the issue of whether the Judgment for "transfer" of tax credits has been complied with or not, and if necessary enforce the Judgment of the other court by compelling the required transfer.

8.   Facts stated in the Conclusions of Law will stand as additional Findings of Fact.

## CONCLUSIONS OF LAW

### Jurisdiction

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and District Court Internal Operating Procedure 15(a). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration

of the estate) and § 157(b)(2)(B) (allowance or disallowance of claims against estate). Venue is properly placed before this court pursuant to 28 U.S.C. § 1409(a).

### Discussion

During the hearing held on April 1, 2005, this Court *sua sponte*[2] raised the issue of whether it should abstain from resolving the pending objection. The Parties were ordered to submit briefs on the issue but neither took advantage of the opportunity to do so. When pressed further on the issue of abstention during the April 29, 2004 hearing, both Parties conceded that abstention would be appropriate. Nonetheless, it is proper to indicate reasons why abstention is proper.

Permissive, or discretionary abstention, is governed by 28 U.S.C. § 1334(c)(1), which provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Stated in the disjunctive, the plain language of the statute permits a district court, and a bankruptcy court if so delegated under 28 U.S.C. § 157(a), to abstain from exercising its jurisdiction to adjudicate a core or noncore matter "in the interest of justice" if abstention lies in favor of another federal court. Asbestosis Claimants v. Apex Oil Co. (In re Apex Oil Co.), 980 F.2d 1150, 1152-53 (8th Cir. 1992); See also McMahon Books, Inc. v. New Catle Assoc. (In re McMahon Books, Inc.), 173 B.R. 868, 873 (Bankr. D. Del. 1994); Sunbury, Inc. v. Dlott (In re Sudbury, Inc.), 149 B.R. 489, 491 (Bankr. N.D. Ohio 1993).

---

[2] A court may raised the issue of abstention *sua sponte*. Hunerwadel v. Baird, 428 U.S. 132, 143 n.10 (1976).

However, a decision to abstain permissively must be weighed against a court's obligation to exercise the jurisdiction bestowed by Congress. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976); Baricello v. McDonald, 98 F.3d 948, 954 (7th Cir. 1996). The doctrine of abstention is an "extraordinary and narrow exception" to a federal court's strict duty to adjudicate a controversy properly before it and it "may be invoked only in those 'exceptional circumstances' in which surrendering jurisdiction 'would clearly serve an important countervailing interest.'" International College of Surgeons v. Chicago, 153 F.3d 356, 360 (7th Cir. 1998)(quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)).

Courts have considered a number of factors in determining whether permissive abstention is appropriate for reasons of comity in the "interest of justice" under Section 1334(c)(1), including:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993)(citing Eastport Assoc. v. Los Angeles (In re Eastport Assoc.), 935 F.2d 1071, 1075-76 (9th Cir.1991)). No one factor is particularly determinative in a decision to abstain, as each factor's degree of relevance

and importance is dependent on the circumstances of each case. Id. See also Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin), 179 B.R. 913, 928 (Bankr. E.D. Ca. 1995).

It is concluded here that at least two of these factors tip the scales in favor of abstaining from the objection dispute. First, a decision on Debtor's objection to MJK's claim will not affect the bankruptcy estate. Indeed, MJK's proof of claim is not asserting a "claim" in bankruptcy against the estate. The Bankruptcy Code defines a "claim" as a:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right of payment. . . .

11 U.S.C. § 101(5). The Judgment to which MJK's proof of claim is based upon only requires Debtor to aid in the transfer of the tax credits by producing certain documents. This represents neither a "right to payment" nor a "right to an equitable remedy for breach of performance that gives rise to a right to payment." Indeed, MJK concedes that it "is not seeking payment of a 'claim' against Debtor that can be 'paid' out of property of the estate." It rather seeks to have this judge first to interpret the Judgment of another judge, and second to enforce it presumably by use of civil contempt powers.

Secondly, the degree of relatedness or remoteness of the underlying dispute between the Parties and Debtor's case is zero, at best. The underlying basis of the objection concerns whether there was compliance with the Judgment issued by the Minnesota Bankruptcy Court - not the allowance or disallowance of a monetary claim filed against the estate. The resolution of that issue will not affect distribution of creditors and Debtor has not sought to monetize or otherwise use the disputed tax credits for benefit of the estate.

Another factor that weighs heavily in favor of abstention is the principle of federal comity. The "federal-comity doctrine" is defined as "[t]he principle requiring federal district courts to refrain from interfering in each other's affairs." Black's Law Dictionary (8th ed. 2004). "The federal courts long have recognized that the principle of comity requires federal district courts - courts of coordinate jurisdiction and equal rank - to avoid interference with each other's affairs." West Gulf Maritime Ass'n v. Ila Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985). MJK's proof of claim is not a monetary claim against the estate. The objection by Debtor to the claim seeks a determination from this Court that it has complied with an order issued from the Minnesota Bankruptcy Court. Both sides thereby attempt to have a judge in this District encroach upon the jurisdictional power that has already been exercised by the Minnesota judge and any higher reviewing court.

The last order modifying the automatic stay was entered with respect to the Judgment so as to allow MJK to pursue and enforce its judgment in the court of its origin. A court that has entered a judgment is usually best suited to interpret and enforce it. See, e.g., Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 6 F.3d at 1194; Texaco v. Sanders (In re Texaco), 182 B.R. 937, 947 (S.D.N.Y. 1995); In re Johnson, 153 B.R. 49, 51 (Bankr. D. Idaho 1993). The Minnesota Bankruptcy Judge is undoubtedly better qualified to interpret and enforce his own order and this Court will not interfere with the exercise of his jurisdiction over the matter.

## CONCLUSION

In light of the foregoing, this Court has *sua sponte* abstained from hearing Debtor's Objection to the Claim filed by MJK Trustee in the interest of justice under 28 U.S.C. § 1334(c)(1).

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 7th day of September 2005.

## CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on September 7, 2005, I caused to be mailed by United States first class mail copies of the foregoing Memorandum Opinion to the following:

Brian M. Graham, Esq.
Shaw Gussis Fishman Glantz Wolfson & Towbin
321 North Clark Street
Suite 800
Chicago, IL 60610
Counsel for Debtor

Michael J. Small, Esq.
Foley & Lardner, LLP
321 North Clark Street
Suite 2800
Chicago, IL 60610
Counsel for James P. Stephenson, Trustee of the
Chapter 11 Estate of MJK Clearing, Inc.

Kathryn M. Gleason, Esq.
Office of the U.S. Trustee
Suite 3350
227 W. Monroe Street
Chicago IL 60606

_Dorothy Clay_
Secretary/Deputy Clerk